# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **DANIEL RASKAS,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) CASE NO. 12-2174 |
| **JOHNSON & JOHNSON,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| and | ) |
| **MCNEIL-PPC, INC,** | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446 and 1453(b), defendants Johnson & Johnson and McNeil-PPC, Inc. hereby remove the state court action entitled *Daniel Raskas v. Johnson & Johnson*, Case No. 12SL-CC04021, to the United States District Court for the Eastern District of Missouri. This action was filed in the Circuit Court of the County of St. Louis in the State of Missouri on October 22, 2012, and served on Johnson & Johnson and McNeil-PPC, Inc. on October 23, 2012. This removal is timely because it has been filed no later than 30 days after service, as required by 28 U.S.C. § 1446(b).  Pursuant to Section 1446(a), a copy of all process, pleadings, and orders in the state court action is filed with this notice at Exhibit 1.

In support of removal, Johnson & Johnson and McNeil-PPC, Inc. state as follows:

## GROUNDS FOR REMOVAL

1.  Johnson & Johnson and McNeil-PPC, Inc. hereby remove to this Court the state court action described below pursuant to 28 U.S.C. § 1441 because plaintiff's Complaint could

have been originally filed in this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").

## BACKGROUND

2.    Plaintiff Daniel Raskas ("Raskas") is, at all times relevant hereto, a resident of St. Louis County, Missouri. *See* Complaint ("Compl."), ¶ 15. Raskas alleges he purchased Tylenol Cold Multi-Symptom solid medication for personal, family, or household purposes and discarded and replaced it after its expiration date. *Id.* Plaintiff's action is brought individually and on behalf of a putative class consisting of "[a]ll Missouri citizens who purchased Tylenol Cold Multi-Symptom solid medication for personal, family, or household purposes and later discarded and replaced it." *Id.*, ¶ 69. "Excluded from the proposed Class are Defendant, their Officers, Directors, and employees, as well as employees of any subsidiary, affiliate, successors, or assignees of Defendant. Also excluded is any trial judge who may preside over this case." *Id.*

3.    Plaintiff's Complaint alleges that defendants Johnson & Johnson and McNeil-PPC, Inc. illegally deceived consumers into throwing away the subject medications when they reached their expiration dates, even though Johnson & Johnson and McNeil-PPC, Inc. knew, or should have known, that if stored properly, these medications remain chemically stable, safe, and effective past the expiration date marked on the product. Compl., ¶ 1. Plaintiff alleges such actions violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 *et seq.* ("MMPA"), and constituted an illegal civil conspiracy, causing injury to plaintiff and the other members of the putative class. Compl., ¶ 11.

## JURISDICTION UNDER CAFA

4.    Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (1) involving a plaintiff class of 100 or more members, (2) in

which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs, and (3) where at least one member of the plaintiff class is a citizen of a State different from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B).  All three conditions are satisfied in this case.

5. First, while plaintiff's class definition makes it difficult or impossible to identify the members of the putative class without examining the individualized circumstances surrounding the purchase and use of Tylenol Multi-Symptom Cold medications by Missouri consumers, plaintiff's Complaint facially meets the jurisdictional requirement that the purported class involve 100 or more members.  Plaintiff brings the action on behalf of "[a]ll Missouri citizens who purchased Tylenol Cold Multi-Symptom solid medication for personal, family, or household purposes and later discarded and replaced it."  Compl., ¶ 69.  Plaintiff further alleges that the class includes "numerous consumers, the joinder of whom is impracticable, both because they are geographically dispersed across the state and because of their number."  *Id.*, ¶ 70.  While plaintiff does not allege that the putative class exceeds any specific number of consumers, there were 593,104 packages of Tylenol cold solid medications treating multiple symptoms sold by McNeil-PPC to direct purchasers in Missouri in the last five years alone.  *See* Affidavit of Kirk Barton, ¶ 5 (attached as Exhibit 2); *see also* Mo. Rev. Stat. §§ 407.010 *et seq.*; *id.* § 516.120.

6. Second, while plaintiff's Complaint does not specify the alleged damages suffered by the putative class, the inescapable conclusion from the allegations in the Complaint and the relief sought is that the sum value of the matter in controversy exceeds (in the aggregate) $5,000,000.  Plaintiff seeks both compensatory and punitive damages, as well as equitable relief, for each count in the Complaint.  *See* Compl., Prayer for Relief, ¶¶ 3–7.  Plaintiff alleges that he and the putative class members suffered loss of money or property when they discarded the subject


medications after the FDA-mandated expiration date on the packaging.  Compl., ¶ 69.  A total of approximately $2,555,096 of Tylenol solid cold medication treating multiple symptoms was sold to direct purchasers (such as wholesalers) in the State of Missouri during the last five years alone, for which purchasers paid approximately $3,469,310 at retail.  Affidavit of Kirk Barton, ¶ 5.  While the defined class does not include all Missouri consumers who purchased the medication – and while plaintiff has not offered a theory for determining any ascertainable loss under the MMPA – the total product sales during the limitations period make it clear that the amount in controversy for the putative class exceeds $5,000,000, because Plaintiff also requests punitive damages and equitable relief.

7.   Punitive damages must be included when determining the amount in controversy.  *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.")).  In this case, punitive damages equal to five-year retail sales would push the amount-in-controversy over $5,000,000, even before considering the value of the equitable relief sought in the Complaint.

8.   Equitable relief should be considered for jurisdictional purposes based on the value of the relief to plaintiff and the putative class members.  *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1094 (E.D. Mo. 2008) (suggesting that the appropriate measurement is "the value to the plaintiff of the right sought to be enforced") (citing *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987)).  Here, plaintiff appears to contend that the equitable relief sought – the disclosure of "the meaning of the 'expiration dates' printed on the packages" and other information (Compl., Prayer for Relief, ¶ 3) – will eliminate future losses by saving

class members from discarding unused medication after its expiration date passes. Without any restriction as to time, the value of this relief for jurisdictional purposes can reasonably be said to exceed the five-year retail value of product sold in Missouri. Adding the value of equitable relief to compensatory and punitive damages confirms that the amount-in-controversy threshold is met in this case.

9. Third, at least one member of the plaintiff class is a citizen of a State different from any defendant. Plaintiff, Daniel Raskas, is a resident of St. Louis County, Missouri. Compl., ¶ 15. The members of the putative class are also citizens of Missouri. Compl., ¶ 69. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey. McNeil-PPC, Inc., is also a New Jersey corporation with its principal place of business in the State of New Jersey. *See* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, a corporation is deemed to be a citizen of the state(s) in which it is incorporated and where it has its principal place of business).

## VENUE

10. Venue in this district and division is proper under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the County of St. Louis in the State of Missouri, the forum in which the removed action was pending.

## NOTICE

11. Concurrently with the filing of this Notice, Johnson & Johnson and McNeil-PPC, Inc. will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the County of St. Louis in the State of Missouri.

12. The contents of Exhibit 1 constitute the entire file of the action in the Circuit Court of the County of St. Louis in the State of Missouri.

Dated:  November 20, 2012    By: s/ Christoper J. Schmidt
    Dan H. Ball, #27227MO
    Christopher J. Schmidt, #53362MO
    BRYAN CAVE LLP
    211 N. Broadway, Ste. 3600
    St. Louis, Missouri 63102
    314.259.2000
    314.259.2020 (facsimile)

    Attorneys for Defendants Johnson &
    Johnson and McNeil-PPC, Inc.